### Winfield Scott Dodge, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 19,607.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Action by Winfield Scott Dodge against Chicago City Railway Company to recover for personal injuries received by plaintiff in a collision between a wagon which he was driving and one of defendant's cars. The facts show that the accident occurred at a point about midway between street intersections after plaintiff had driven a heavily loaded wagon onto the street car tracks from premises abutting the street. Plaintiff's evidence showed that when he attempted to drive from the sidewalk he saw defendant's car stop at a street intersection about three hundred feet away and that it was slowly starting up, and that he drove his wagon straight ahead for the purpose of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

passing over the track on which the car was approaching and making a swing so as to drive in the direction from which the car was coming, but that before the wagon cleared the track it was struck and plaintiff fell off on his head between the horses. The motorman testified that when he first saw the horses they were about fifteen feet beyond the sidewalk and that his car was about thirty-five or forty feet away. Two other witnesses for defendant also testified that when they first saw the wagon the car was about thirty-five or forty feet away. One of the witnesses placed the heads of the horses at that time about ten or twelve feet from the track and another witness placed them about the same distance from the track. The jury returned a verdict in favor of plaintiff. To reverse the judgment entered on the verdict, defendant prosecutes a writ of error.

Defendant urged as ground for reversal that plaintiff was guilty of contributory negligence, for two reasons:

"First, in going upon the tracks after seeing the car three hundred feet away, and second, having seen the car and having proceeded on the tracks he did not look again; arguing that if he had, he would have seen the car approaching and could have urged the horses onward so as to get out of the path of the moving car; that not having done so, he was not exercising ordinary care for his own safety; and that though the defendant was guilty of negligence, this action on the part of plaintiff contributed to the accident.

WARREN D. BARTHOLOMEW and A. C. WILD, for plaintiff in error; LEONARD A. BUSBY, of counsel.

WILLIAM A. MORROW, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

STREET RAILROADS, § 131*—*sufficiency of evidence.* In an action against a street railway company to recover for personal injuries received by plaintiff in a collision between a wagon which plaintiff was driving and one of defendant's cars, *held* that a verdict for plaintiff was sustained by the evidence.